IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION

| | |
|---|---|
| RUTH PIERCE by ) | |
| Shirley Dodd ) | |
| Guardian and Conservator, ) | |
| Plaintiff, ) | |
| vs. ) | Civil Action No: 1:11CV00132CEJ |
| ) | |
| PEMISCOT MEMORIAL ) | |
| HEALTH SYSTEMS, et al. ) | |
| Defendants. ) | |

**PLAINTIFF'S CORRECTED OPPOSITION TO DEFENDANTS'**
**MOTIONS FOR INTERLOCUTORY APPEAL**

Two months after this court denied their motions for summary judgment, Defendants Moore and Pang have filed coordinated separate motions for certification of this court's rulings for a 28 U.S.C. §1292(b) interlocutory appeal. They assert that this court improperly denied their motions to dismiss Plaintiff's 42 U.S.C. §1983 action for failure to file a health care affidavit required for medical malpractice actions. They further assert that this court was wrong in its factual findings and legal conclusions that §537.120 and 632.440 do not apply in the present action to afford them immunity from damages. Finally, they assert the court erred in its application of the factors established in *Richardson v. McKnight*, 521 U.S. 399 1997, for determining whether official immunity should be extended to private entities and their employees who provide services under contracts with the state.

1

**ARGUMENT**

28 U.S.C. §1292(b) permits the filing of an interlocutory appeal in exceptional circumstances. It provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation, he shall so state in writing such order.

This court in *Grant v. Convergys Corp.*, 2013 WL 1342985 (E.D. Mo. 2013) stated:

> It has "long been the policy of the courts to discourage piecemeal appeals." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (internal quotations omitted). Motions to certify issues for interlocutory appeal should be "granted sparingly an with discrimination." *Id.* Therefore, §1292(b) should be used only in "exceptional cases where a decision on appeal may avoid protracted and expensive litigation." *Id.* The movant bears the burden of demonstrating that the case is an exceptional one, justifying immediate appeal.

The court in *McCormick v. Johnson*, 2010 WL 546762 (E.D. Mo. 2010) described that requirement as a "heavy burden" requiring the movant to show that the ruling (1) involves a controlling question of law; (2) that there is a substantial ground for difference of opinion, and (3) certification will materially advance the ultimate resolution of the litigation. *Paschall v. Kansas City Star, Co.*, 605 F2d 403, 406 (8th Cir. 1979).

In *Paschall*, *supra* the Eighth Circuit declined to address the questions certified by the district court as improvidently granted and remanded. It held that inherent in the

requirements of §1292(b) was the concept of ripeness, such that even if all three requirements are satisfied, the factual basis of a claim must be developed so that an appellate court can make a precise decision upon a precise record rather than rendering an abstract answer to an abstract question. Also see *S.B.L. v. Evans*, 80 F.3d. 307, 310-311 (8th Cir. 1996).

A case must be of sufficient ripeness so that the question may be determined from the record on appeal, *Paschall, supra*. It stated:

> The purpose of 1292(b) is not to offer advisory opinions rendered on hypotheses which (evaporate) in the light of full factual development." [citation omitted] Consideration of the factual basis must be such that a sound premise exists upon which the legal issues can be determined with precision. (at p. 406).

Defendants ask this court to certify adverse ruling on their motions to dismiss and for summary judgment. Although they have not stated with precision the questions for which they seek certification they may be summarized as follows:

> 1.) The healthcare affidavit required by 538.225 R.S.Mo. for medical negligence cases requires dismissal of Plaintiff's action;
>
> 2.) Defendant Moore is immune to damages under 537.120 R.S.Mo. as the operator of a private sanatorium and was acting in good faith;
>
> 3.) Defendant Pang is immune to suits for damages under 537.120 R.S.Mo. because he is a licensed physician. He contends that it is irrelevant under the statute whether Pemiscot Memorial Hospital's Resolutions unit was a public or private entity;

3

4.) Defendants are immune to damages under 632.440 R.S.Mo. for forcibly detaining Plaintiff after the expiration of her court ordered 96 hour detention for evaluation and treatment.

5.) The court was wrong in its factual and legal conclusion under *Richardson v. McKnight* and Defendants are entitled to qualified official immunity.

## I. Defendants Motions Fail to Raise Controlling Questions of Law as to Which There is <u>Substantial Ground for Difference of Opinion</u>

Defendants assert that in each of the questions they raise, this court wrongly decided the question adversely to their interests and that each involves controlling issues of law. The law is clear that the basis for appeal must turn solely on legal questions as opposed to matters of fact or discretion. *Emerson Electric Co. v. Yeo* 2013 WL 440578, p. 2 (E.D. Mo 2013). With respect to their claims for statutory immunity, Defendants assert that Section 632.440 afforded them full immunity for actions taken after the expiration of the period detention as authorized by Chapter 632 R.S.Mo. and the probate court's order for 96 hour detention for evaluation and treatment.

Defendants insist on arguing that the true nature of Plaintiff's §1983 action is nothing more than a medical negligence action relating to their medical determination that Plaintiff needed to be confined to a psychiatric ward. The crux of Plaintiff's case is not that Defendants were negligent in any diagnosis or treatment while she was detained under the probate court's 96 hour order for evaluation. To the contrary, Plaintiff claims that Defendants' actions in detaining her without her consent and authorization for two months

4

beyond the 96 hours was unauthorized and violated her rights to notice and assistance of an attorney, and discharge from confinement. Other issues involved include assault and battery and forced medication beyond her lawful period of detention. The case in no way depends upon a factual assessment of the standard of care or a dispute as the appropriateness of treatment. Plaintiff asserts that all confinement and treatment beyond her court ordered 96 hour detention was unlawful and deprived her of her rights to be free from any treatment without compliance with the provision of the civil detention provisions of Chapter 632 R.S.Mo.

The Missouri case law pertaining to medical malpractice action is clear. This court properly applied Missouri law to determine that no health care affidavit was required. The court properly held that Plaintiff's action was indeed a civil rights action rather than a medical malpractice claim. In this respect this court held that it was "well established" that §538.225 does not apply to Plaintiff's constitutional claims under §1983. The same is true of Plaintiff's state law claim under Section 632.

Whether Plaintiff's action constitutes a civil rights action is a matter of federal law. Only when the court finds that a case is nothing more than a state tort action for medical malpractice does affidavit requirement apply. Indeed this court noted in its Memorandum and Order:

> As the discussion above demonstrates defendants have misapprehended the claim stated in Plaintiff's first amended complaint. The majority of their arguments are easily dispensed with since they were addressed to claims Plaintiff has not

5

asserted. (p.11-12).

To qualify for an interlocutory appeal, Defendants must not only show that this court's ruling involves an erroneous determination controlling law but that there is "substantial ground or basis for a difference of opinion." In the present case, there is no unsettled question of state or federal law to be determined, and Plaintiff has asserted no claim based on medical negligence against either defendant. Defendants persistence in pursuing its arguments constitutes a violation of Rule 11(b) F.R.Civ.P. in that the arguments are frivolous and unwarranted by existing law or by nonfrivolous arguments for extending the law. The court recognized as much when it noted that Defendants' reliance on §538.225 was "misplaced" since it was unrelated to any claim made by Plaintiff.

This court found as a matter of fact and law that Plaintiff did not assert a claim for professional negligence against Defendants and that the suit asserted, *inter alia*, a true civil rights cause of action for statutory and constitutional violation of her rights. Defendants continue to characterize Plaintiff's claims to make them fit a procrustean bed of their choosing. They ignore all facts and law to the contrary in an attempt to make their arguments fit the case law. At best they attempt to distinguish Missouri case authority without citing any conflicting cases or authority that Plaintiff's §1983 action is anything but proper.

The court's ruling did not involve any question of controlling law as to which there is substantial ground for a difference of opinion. Federal law is clearly established delineating propriety of Plaintiff's cause of action under §1983. Likewise, Missouri law is

6

firmly established for professional liability cases and the applicability and need for health care affidavits.

In *S.B.L. by and through T.B. v. Evans*, 8F.3d 307 (8th Cir. 1996), the court dismissed a §1292(b) appeal as improvidently granted and remanded. In doing so it held:

> In the present case, because the section 1983 "legal issue [is] not novel, nor is there substantial basis for difference of opinion, as the law is relatively well-settled" it cannot serve as a basis for the district court's certification under section 1292(b). p. 312 [citation omitted].

Likewise in *McFarlin v. Conseco Services L.L.C.* 381 F.3d 1251 (11th Cir. 2004), the court held that for a question to be a controlling question of law, it must be "a question of the meaning of a statutory or constitutional provision, regulation or common law doctrine. . . and does not mean the application of settled law to fact." (p. 1258) Also see *Abrenholtz v. Board of Trustees of the University of Illinois*, 219 F.3d 647 (7th Cir. 2000). It stated that what the framers of §1292(b) had in mind was more of an abstract legal issue or what might be called one of "pure" law, that the court of appeal can decide quickly and clearly without having to study the record.

Moreover there is no room for a substantial difference of opinion on whether Plaintiff's federal claims under §1983 state a proper cause of action. This court in addressing the issues held that "it is well established that §538.225 does not apply to Plaintiff's constitutional claims. [citation omitted]" (Order and Memorandum p. 13). Even had Plaintiff brought a malpractice action, §538.225 would not resolve all litigation. Indeed, in such

7

instance the statute does not permit disposition on the merits but simply dismissal "without prejudice." *Thomas v. Miller, M.D.*, 2014 WL 2723904 (Mo. App E.D.).

## II. Defendants' Claims of Immunity Under §537.120 and 632.440 R.S.Mo. Fail to Satisfy the Condition for Interlocutory Appeal

Defendants' claims that they are immune under §537.120 and 632.440 fare no better than their health care argument. They proffer only three (3) short paragraphs to support an interlocutory appeal. With respect to §632.440, this court noted "Defendants assert they are immune for liability under §632.440 because Plaintiff cannot establish bad faith or gross negligence" (at p. 13). After quoting the statute, the court succinctly ruled that the statute did not apply because "Plaintiff's claims arise from her continued detention <u>after</u> the expiration of the 96 hour detention order. . ." A reading of the statute in light of the facts of the case make clear that Defendants have failed to establish the necessary factual predicate for invocation of the statute.

Defendants simply state without analysis that the denials of immunity under both statutes involve questions of controlling law and raise issues as to which there is a substantial difference of opinion. Even assuming for the sake of argument the statutes applied, that determination does not terminate the litigation or fundamentally change the character of the proceeding. Defendants have not established the absence of bad faith or gross negligence which are qualifiers of the immunity otherwise provided by the statute. Thus there is no showing that even a contrary application of law and facts would lead to the termination of

8

the litigation without further proceedings and trial. In *White v. Nix*, 43 F.3d 374 (8th Cir. 1994) the court held that certification is proper only when it will "materially advance the ultimate termination of the litigation. (p. 378)  It continued: "When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." (p. 378-379).

Defendants argue that with respect to §632.440 that "no existing case law supports the Court's interpretation of the statute." (Defendants separate Memoranda, p. 11). Defendants' attempt to reverse its burden of showing a difference of opinion regarding the law to the court. In *White v. Nix*, *supra* p. 378, the court held that:

> ". . . [S]ubstantial ground for difference of opinion does not exist merely because there is a dearth of cases. [citation omitted].
>
> \*   \*   \*
>
> While identification of "a sufficient number of conflicting and contradicting opinions "would provide substantial ground for disagreement, White has cited no law to the contrary.

As in *White* Defendants show no basis for certification.

In *Emerson Electric Co. v. Yeo, supra*, the district court stated:

> "A court faced with a motion for certification must analyze the strength of the arguments in opposition to the challenged ruling to decide whether the issue is truly one on which there is a substantial ground for dispute. (p.2)

With respect to §537.120 R.S.Mo., Defendant Moore continues to argue she was in fact the "operator of a private sanatorium" and entitled to immunity. Defendant Pang likewise asserts

9

he was a licensed physician of a private sanatorium and also entitled to immunity. This court made a careful factual determination based on the undisputed factual evidence and found that the plain language of the statute applied only to operators and physicians employed by a private facility as opposed to a public facility. The court never reached the factual issue of who qualified as an operator of the Resolutions unit.

### III. Defendants Fail to Meet the Requirements for a §1292(b) Appeal Based on Qualified Immunity in a §1983 Action.

The Supreme Court in *Richardson v. McKnight* 521 U.S. 399 (1997) addressed whether a qualified official immunity should be accorded private individuals employed by contractors with governmental entities. The court concluded that such a determination is to be made based on the historical availability of the defense to the group of individuals to which defendant belongs and policy consideration supporting the doctrine of qualified immunity as it existed in at the time of the adoption of the Civil Rights Act of 1871 now codified as 28 U.S. §1983. The courts' ruling that Defendants have failed to establish a basis for qualified immunity was based on the analysis provided by the Supreme Court and therefore does not involve a controlling issue of law as to which there is a substantial ground for dispute. As the case law cited previously indicates, the application of the law to the facts of the case does not involve a matter of determining controlling law or an unresolved legal question.

### Conclusion

Defendants have used a shotgun approach to a §1292(b) appeal. They assert this court

wrongly decided each issue in its Order and Memorandum. They now asks the court to certify each point for an interlocutory appeal. Their arguments simply repeat their arguments in support for their motions for summary judgment. As the gatekeeper for such appeals, the district court's objective is to screen the questions presented in light of its ruling and make individual determinations of basis for each of the questions put forth. In doing so it must ascertain whether certifying the questions will accomplish the primary objectives of §1292(b) – addressing unresolved questions of controlling law which may terminate the underlying litigation of significantly alter the character of the proceeding. In reaching this determination the court should review the procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties preparation for trial. Where waits until after extensive discovery has been completed, the court should be reluctant to grant an interlocutory appeal on the eve of trial.

The court is familiar with the arguments advanced by the Defendants and is particularly well suited to determine the strength of each question submitted for certification and the likelihood of reversal on appeal. When the court has a firm conviction that motions for an interlocutory appeal do not present a substantial difference of opinion regarding controlling law it should deny certification. In each of the questions raised by Defendants the law is well established and at most the questions presented involve the application of the law to the facts and thereby fail to meet the requirements of 28 U.S. §1292(b).

For reasons set forth in this response, Plaintiff submits that certification of an

11

interlocutory appeal should be denied.

                                              Respectfully submitted,

                                              s/ Jim R. Bruce
                                              Jim R. Bruce, #29,673
                                              P.O. Box 37
                                              Kennett, MO 63857
                                              Tel: (573) 888-9696
                                              Fax: (573) 888-3931
                                              E-Mail: jrbruce@nwcable.net

Case 1:11-cv-00132-CEJ Doc. #: 2681 Filed: 09/08/14 Page: 12 of 13 PageID #: 42085

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2014, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system, and the following attorneys of record were served through notice of electronic filing:

Mr. Scott R. Pool
Gibbs, Pool, and Turner, P.C.
3225 Emerald Lane, Suite A
Jefferson City, MO 65109
Tel: (573) 636-2614
Fax: (573) 636-6541
Email: pool@gptlaw.net

Mr. Paul McNeill
Womack, Phelps, & McNeil, P.A.
P.O. Box 3077
Jonesboro, AR 72403-3077
Tel: (870) 932-0900
Fax: (870) 932-2635
Email: pmcneill@wpmfirm.com

This the 8nd day of September, 2014.

                                                  s/ Jim R. Bruce