UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RUTH PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11-CV-132 (CEJ) |
| | ) | |
| BONNIE MOORE and DR. JAMES PANG, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for a new trial, pursuant to Fed.R.Civ.P. 59(a), and plaintiff's motion to amend her memorandum in support of new trial. Defendants Bonnie Moore and James Pang have filed responses in opposition and the issues are fully briefed.

Plaintiff Ruth Pierce brought this action pursuant to 42 U.S.C. § 1983, asserting that defendants improperly detained her in an inpatient psychiatric unit following the expiration of a 96-hour detention order. On November 20, 2014, a jury returned verdicts in favor of defendants.

I. **Legal Standard**

Pursuant to Rule 59(a), "[t]he court, may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1)(A). When addressing a motion for new trial, the court can "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." Carraway v. Christian Hosp. Ne./Nw., No. 4:03CV1077FRB, 2006 WL 2524203, at *1 (E.D. Mo. Aug. 30, 2006) (quoting White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992)). Although the Court has

discretion to set aside the jury verdict and grant a new trial, it "may not do so merely because it believes that the evidence permitted different inferences or that another result would be more reasonable." Blake v. J.C. Penney Co., 894 F.2d 274, 281 (8th Cir. 1990). Instead, "the court must conclude that the jury reached a seriously erroneous result and must state its reasons for this belief." Id. The court's ultimate inquiry is whether the first trial resulted in a miscarriage of justice. White, 961 F.2d at 780. The burden of demonstrating that error warrants a new trial rests with the moving party. Comerio v. Beatrice Foods Co., 616 F. Supp. 1423, 1428 (E.D. Mo. 1985).

## II. Discussion

### A. Jury Instructions

Plaintiff argues that the court improperly instructed the jury. She did not make objections to the jury instructions at trial, as required by Fed.R.Civ.P. 51(c).[1] "The purpose of this rule is to afford the trial court an opportunity to cure a defective instruction and to prevent litigants from obtaining a new trial in the event of an adverse verdict by covertly relying on the error." Cincinnati Ins. Co. v. Bluewood, Inc., 560 F.3d 798, 805 (8th Cir. 2009). The contested jury instructions thus are reviewed for plain error only, Rule 51(d)(2), which requires plaintiff to establish that the "error has seriously affected the fairness, integrity, or public reputation of judicial proceedings." Murphy v. Missouri Dep't of Corr., 506 F.3d 1111, 1114 (8th Cir. 2007) (citations omitted). Errors in jury instructions only

---

[1] Rule 51(c) provides: "A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection."

represent a miscarriage of justice where the error likely affected the jury's verdict. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 720 (8th Cir. 2008).

The court has reviewed plaintiff's challenges to the jury instructions and concludes that she has failed to establish that the trial resulted in a miscarriage of justice.

### B. Weight of Evidence

In determining whether a verdict is against the weight of the evidence, the court may not reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because the court feels that another result is more reasonable. Boesing v. Spiess, 540 F.3d 886, 890 (8th Cir. 2008). A motion for a new trial should only be granted if the jury's verdict is against the great weight of the evidence so as to constitute a miscarriage of justice. Bank of America, N.A. v. JB Hanna, LLC, 766 F.3d 841, 851 (8th Cir. 2014).

The court has reviewed plaintiff's arguments and concludes that the jury's verdict was not against the greater weight of the evidence.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend her memorandum in support of new trial [Doc. #315] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion for new trial [Doc. #303] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2015.