UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RUTH PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:11-CV-132 (CEJ) |
| ) | |
| BONNIE MOORE and DR. JAMES PANG, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the defendants' separate bills of costs. Plaintiff has filed a single response in which she objects to several items claimed by defendants, arguing that they are not taxable as costs.

### I. Background

Plaintiff Ruth Pierce brought this action pursuant to 42 U.S.C. § 1983, asserting that she was wrongfully detained in an inpatient psychiatric unit following the expiration of a 96-hour detention order. On November 20, 2014, a jury returned verdicts in favor of the defendants Bonnie Moore and Dr. James Pang.

### II. Discussion

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case. Pershern v. Fiatallis N. Am., Inc., 834 F.2d 136, 140 (8th Cir. 1987).

The following costs are taxable under 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts." Cowden v. BNSF Ry. Co., 991 F. Supp. 2d 1084, 1087 (E.D. Mo. 2014) (quoting Brisco–Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002)).

### A. Costs of Rule 35 Examination

The court granted defendants' motion for Dr. John Thad Lake to conduct a mental and physical examination of plaintiff pursuant to Fed.R.Civ.P. 35. [Doc. #40]. Dr. Lake did not appear for deposition and did not testify at trial. Defendants Pang and Moore each seek costs for one-third of the total fee of $2,950.[1]

"Congress comprehensively addressed the taxation of fees for litigants' witnesses." Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Under the plain language of § 1920(6), "a federal court may tax expert witness fees . . . only when the witness is court-appointed." Id. The court did not appoint Dr. Lake and his fees are not costs that may be recovered under § 1920. Brook v.

---

[1]Defendant Pang relies on § 1920(6), which authorizes costs for "[c]ompensation of court appointed experts." Defendant Moore does not cite a specific subsection of § 1920, but requests costs for Dr. Lake's fee as a "court approved mental examination."

2

United States, No. 08-60314-CIV, 2009 WL 2257619, at *9 (S.D. Fla. July 29, 2009) (citing Hall v. Baxter Healthcare Corp., 947 F.Supp. 1387, 1393 n. 9 (D. Or. 1996)).

### B. Fees for Service of Subpoenas and Summonses

Defendant Moore seeks fees for service of trial subpoenas on Randy DeProw and Stacy Jeffers by private process server. "[W]hile other courts have permitted the recovery of special process fees, this court is compelled to follow Eighth Circuit precedent regardless of the equities at play in the facts of this case." Bunda v. Potter, No. C03-3102-MWB, 2006 WL 266513, at *4 (N.D. Iowa Jan. 31, 2006). See Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985) ("Nor can KFC recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such expenses.") Thus, "in this circuit, fees charged by private process and subpoena servers are not taxable costs at all; only Marshals' fees are recoverable under Section 1920." Jamison Electric, LLC v. Hankins Const. Co., Case No. 4:12 CV 1746 CDP, at * 8 (E.D. Mo. Apr. 13, 2015). Defendant Pang seeks costs for service of trial subpoenas on Angie Master-Hicks and Zeneta Dillard-Johnson by certified mail. Postage fees are not taxable costs under § 1920. Sun Media Sys., Inc. v. KDSM, LLC, 587 F. Supp. 2d 1059, 1064 (S.D. Iowa 2008).

### C. Witness Fees

A prevailing party may recover fees for witnesses under 28 U.S.C. § 1920(3), if the court determines that the witness's testimony "was crucial to the issues decided and the expenditures were necessary to the litigation." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 763 (8th Cir. 2006) (quoting Neb. Pub. Power Dist. v. Austin Power, Inc., 773 F.2d 960, 975 (8th Cir. 1985)). Available expenses

3

include only attendance, travel, and subsistence fees as specified in 28 U.S.C. § 1821. Witness costs include an attendance fee of $40 for each day of attendance and for the time necessarily occupied in going to and returning from the place of attendance. § 1821(b). Travel costs include a mileage allowance for witnesses who travel "by privately owned vehicle." § 1821(c)(2). Actual receipts are not required. Hartford Fin. Servs. Grp., Inc. v. Cleveland Pub. Library, No. 1:99CV1701, 2007 WL 963320, at *9 (N.D. Ohio Mar. 28, 2007).

### 1. Defendant Moore's Witness Fees

Defendant Moore seeks fees and mileage for three witnesses (Stacy Jeffers, Laura Huffman and Dr. Lake) who did not testify at trial. These costs will not be allowed. Marmo, 457 F.3d at 763 ("The district court did not abuse its discretion in refusing to award costs for witnesses who did not testify at trial.")

Defendant Moore seeks witness fees and mileage for witness Debbie DiCarlo, who did testify at trial. Plaintiff objects that, as a state employee, Ms. DiCarlo was fully compensated for her attendance at the trial and allowing a fee for her would result in double compensation. This objection is without merit. The fact that a witness continues to receive wages while appearing in court does not preclude a party from recovering the costs of the witness's attendance. Defendant Moore also seeks $78.96 in mileage for trial witness Randy DeProw.[2] Plaintiff challenges the mileage claim based on an assumption that Mr. DeProw travelled from his place of employment in Cape Girardeau. Plaintiff's objection is unsupported by any evidence and will be overruled. Defendant Moore will recover witness fees in the amount of $

---

[2]In her documentation submitted to support her bill of costs, defendant Moore notes that Mr. DeProw was overpaid for travel and that her bill of costs reflects the proper cost for travel. Ex. A-1(9) [Doc. #302-1].

132.96 for Ms. DiCarlo and $118.96 for Mr. DeProw.

## 2. Defendant Pang's Witness Fees

Defendant Pang seeks witness fees for Angie Hicks-Master and Zeneta Dillard-Johnson.

Plaintiff objects to defendant Pang's request for a witness fee and transportation costs for Ms. Hicks-Master because she is his employee. Nothing precludes a prevailing party from taxing witness costs for an employee. See Hartford Fin. Servs. Grp., Inc., 2007 WL 963320, at *9 ("As long as the employees appeared as witnesses, rather than as representatives of the corporation, Hartford may tax as costs the associated witness fees.") Plaintiff's objection is overruled.

Plaintiff objects to paying a witness fee and mileage for Ms. Dillard-Johnson because she was subpoenaed to testify for plaintiff. Plaintiff argues that it was unnecessary for defendants to also place her under subpoena. The court disagrees. Defendants had a right to protect their case at trial. Pate v. Gen. Motors Corp., 89 F.R.D. 342, 345 (N.D. Miss. 1981).

Plaintiff also objects that defendant Pang is not entitled to costs for witness fees for these witnesses because he sent trial subpoenas by certified mail rather than achieving personal service. "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." 9A Charles Alan Wright, et al., Federal Practice and Procedure § 2454 (3d ed.). However, both witnesses testified at trial and the means of securing their attendance is immaterial to determining whether defendant is entitled to the requested fees. "Witness fees are taxable even though the witness attends court voluntarily and without a subpoena." Spiritwood Grain Co. v. N. Pac. Ry. Co., 179 F.2d 338, 344 (8th Cir. 1950). Plaintiff's objection

5

is overruled.

Witness fees in the amount of $129.60 for Ms. Dillard-Johnson and $180.00 for Ms. Hicks-Master will be allowed.

### D. Deposition Fees

In determining whether to award the costs of a deposition, "the underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." Cowden, 991 F. Supp. 2d at 1087-88 (quoting Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997)). While deposition costs are unrecoverable if taken solely for discovery or investigative purposes, "if the depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper to conclude they were necessarily obtained for use in the case." Id. (internal quotation and citations omitted). However, condensed files, ascii discs, and similar technologies merely for the convenience of the parties are not "necessarily obtained for use in the case" and are not taxable under § 1920. Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co., No. 4:06CV655RWS, 2010 WL 1935998, at *5 (E.D. Mo. May 10, 2010).

Plaintiff objects to defendants' use of group invoices for copies of deposition transcripts. The submission of group invoices makes it impossible to allocate costs across the individual transcripts where, as here, the court finds that some of the transcripts were not necessarily obtained for use in the case and thus are not taxable costs.[3] Furthermore, some of the deposition invoices are not itemized and

---

[3]To illustrate: defendants each submit an invoice for copies of deposition transcripts for "Angie Master, Zeneta Dillard, Randy DeProw, Dale Robinson, Stacy Jeffers, and Teresa Van Sickle." Because Mr. Robinson did not testify at trial and no party relied on his deposition testimony, the costs for this deposition will not be allowed. The court cannot determine how much of the invoiced total is attributable to the Robinson transcript. Furthermore, defendant

do not indicate whether the costs represent only necessary expenses (such as a certified copy of the transcript) or whether they also contain some convenience fees (such as extra fees for an expedited copy). Thus, the court will deny costs for the depositions of Angie Master, Zaneta Dillard, Randy Deprow, Dale Robinson, Stacy Jeffers, Teresa Van Sickle, Ben Bloom, Bonnie Moore, and Jim Pang, M.D. See Clark v. Baka, No. 4:07-CV-477-DPM, 2011 WL 2881710, at *3 (E.D. Ark. July 19, 2011) (denying costs for un-itemized deposition invoices).

Tammy Clowers: Defendants each seek to recover half of the deposition costs of Tammy Clowers, who was plaintiff's guardian at the time the lawsuit was filed. Plaintiff objects to defendant Pang's recovery of this cost because he failed to submit proof of payment. The objection is overruled. Plaintiff also asserts that Ms. Clowers had no personal knowledge of the relevant facts. Because Ms. Clowers was the appointed guardian at the time the complaint was filed, and could reasonably be assumed to have knowledge of the facts giving rise to plaintiff's claims, the court finds that her deposition was reasonably necessary at the time it was taken. In addition, portions of Ms. Clowers's deposition were read at trial. Defendants will each recover $234.50 for the transcript fee and the fee of the court reporter. In addition, defendant Pang will recover $57.06, representing the $40.00 appearance fee[4] and $17.06 mileage paid to Ms. Clowers. His costs for mailing the subpoena to a private process server and service are not recoverable.

Shirley Dodd: Defendant Moore seeks costs for the deposition of Shirley Dodd, plaintiff's successor guardian. Ms. Dodd was appointed after Ms. Clowers

---

Pang claims he does not seek costs for the Robinson transcript and yet his bill of costs includes the full amount of the invoice, without reduction for this transcript.
[4]Dr. Pang seeks $45.00 for the appearance fee. Under § 1821(b), appearance fees are limited to $40.

7

withdrew as plaintiff's guardian. Her deposition was not submitted in support of summary judgment nor was it used at trial. Defendant Moore offers no explanation as to why Ms. Dodd's deposition was reasonably necessary at the time it was taken. These costs will not be allowed.

### E. Fees for Exemplification and Copies of Papers

Section 1930(4) allows fees for exemplification and the costs of copies where the copies of are "necessarily obtained" for use in the case. 28 U.S.C. § 1920(4).

Defendants seek costs for copies of medical records from several providers. Plaintiff alleged that she was unlawfully detained by defendants at Pemiscot Memorial Hospital. Her medical care from other providers was not relevant to the issues in this case and the only medical records that were necessary were those from Pemiscot Memorial Hospital. Costs for medical records in the amount of $136.36 will be allowed for defendant Moore and in the amount of $32.89 for defendant Pang.

Defendant Pang seeks $1,577.24 for three copies of trial exhibits, the bulk of which consist of the irrelevant medical records. The court will deny this cost.

### F. Plaintiff's ability to pay

Plaintiff argues that she cannot afford to pay costs. A losing party's indigence is a factor the court should consider when determining whether to tax costs, Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003), and is a valid reason for not awarding them. Poe v. John Deere Co., 695 F.2d 1103, 1108 (8th Cir. 1992). Here, however, plaintiff has not submitted sufficient evidence to justify denying costs. "The burden is on the losing party to show that she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs." Tuggles v.

Leroy–Somer, Inc., 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004) (citation omitted). "To invoke the inability to pay factor, a party must demonstrate not merely that payment would be a burden, but that she is indigent." Id. (citation omitted).

\* \* \* \* \*

In summary, the defendants are entitled to costs as follows:

Witness fees:

| | |
|---|---|
| Defendant Moore: | 251.02 |
| Defendant Pang: | 309.06 |

Fees of the court reporter for depositions:

| | |
|---|---|
| Defendant Moore: | $234.50 |
| Defendant Pang: | $291.56 |

Fees for exemplification and copies:
| | |
|---|---|
| Defendant Moore: | $136.36 |
| Defendant Pang: | $ 32.89 |

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall tax costs against plaintiff and in favor of defendant Moore in the amount of $621.88 and in favor of defendant Pang in the amount of $633.51.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2015.